PHILLIPS, CHARLES M., Jr., Associate Judge
(specially concurring).
While concurring with the majority that the Petition for Rehearing, as amended, should be denied, it is my opinion that the Petitioner adequately persuades for clarification of the Opinion.
The paragraph on Page 2 of the Opinion as follows:
“We believe that the record in the trial court reflects sufficient evidence on the points of negligence and contributory negligence to warrant the cause going to a jury and the judgment of the lower court on this matter should be affirmed.”
does not logically comport with the dominate rationale of the Opinion which has its foundation upon the absence of evidence. As it stands, the Opinion develops its pattern by analyzing the theories of negligence, contributory negligence and sudden emergency, one after'the other, on the basis of the evidentiary void. As this analysis marches toward conclusion, the above quoted paragraph is out of step. I would delete that paragraph and substitute therefor the observation that the Defendant’s negligence is founded upon a valid legal presumption rather than upon some presumed 'evidence that cannot be clearly pointed out in the record. To presume a legal theory, such as negligence, is one thing; to presume evidence is quite another.
The absence of evidence, which is the fundamental foundation of this case, also' clearly distinguishes this case from Mid-State Hauling Company v. Fowler, Fla.,. 176 So.2d 87, and Harwell v. Blake, Fla. App., 180 So.2d 173, in both of which there was ample testimony from eye witnesses regarding the circumstances which gave rise to the respective accidents.